# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH C. GENOUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 1902 |
| | ) | |
| DEPARTMENT OF VETERAN AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Joseph Genous ("Genous") has tendered a self-prepared one-page document that he captions a Complaint, seeking to charge the Department of Veteran Affairs ("Department") with "totally, & illegally defying [his] Freedom of Information Act request that extended since the year '1976' with my previous Complaint 'Case Number 06 C 4749.'" Genous has accompanied that document with two forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

But quite apart from the difficulties in understanding that stem from the manner in which Genous has framed his claim of wrongful treatment by Department, two documents that he has attached to his one-page statement doom his current lawsuit:

1. Department's letter of November 22, 2013, which was triggered by an earlier letter that he had addressed to President Barack Obama, states that Department's records show that it has previously complied with no fewer than four separate FOIA requests from Genous by repeatedly sending him copies of his file.

2. About a year ago (on March 8, 2013) Department wrote Genous a letter that (1) acknowledged its receipt of his request for a copy of the 1976 Rating Decision that he now seeks through this lawsuit and (2) advised him that all such requests are processed in the order of their receipt and that the then-current heavy volume prevented it from projecting a time frame for his response. It added:

> Be assured we are working requests of all types as expeditiously as possible and are exploring every avenue to accelerate the process.

That letter concluded by inviting Genous to call Department's toll-free number or to send another inquiry in at least 90 to 120 days.

Genous says nothing about any such further followup on his part, instead apparently expecting this Court to do that for him. That is not the appropriate judicial function where (as here) a plaintiff has not exhausted his administrative remedies. Hence both the Complaint and this action are dismissed without prejudice, and both the Application and the Motion (which is defective in any event) are denied as moot.

Milton I. Shadur
Senior United States District Judge

Date: March 19, 2014